IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANI M. ABBASI,<br><br>    Plaintiff,<br><br>v.<br><br>RITZ CAMERA CENTERS, INC.,<br><br>    Defendant. | Case No. 08 C 506<br><br>Hon: Judge Der-Yeghiayan |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff AMANI M. ABBASI ("Plaintiff"), by and through her attorney, Patricia Kemling, complains of Defendant RITZ CAMERA CENTERS INC. ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, as follows:

**INTRODUCTION**

1. Plaintiff seeks redress for religious discrimination. This case is brought for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**PARTIES**

2. Plaintiff is a Muslim woman of Middle-Eastern origin. She presently resides in the City of Chicago Ridge, County of Cook, State of Illinois.

3. Defendant is doing business in and maintains its principal office at 6711 Ritz Way, in the City of Beltsville, County of Prince George, State of Maryland.

4. Defendant employed 15 or more employees for each working day for 20 or more calendar weeks in the current and preceding calendar years.

**JURISDICTION AND VENUE**

5.      This complaint alleges violations of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964; therefore, jurisdiction of this court is invoked pursuant to title 28, United States Code §1331 and §1334.

6.      On May 15, 2006, the Plaintiff timely filed a charge of religious discrimination with the State of Illinois Department of Human Rights (IDHR) (a copy of the charge is attached hereto as exhibit 1).

7.      On February 7, 2007, the IDHR issued a Notice of Dismissal for Lack of Substantive Evidence (a copy of the charge is attached hereto as exhibit 2).

8.      On or about March 14, 2007, the Plaintiff timely filed her Request for Review of the IDHR's decision (a copy of the Request is attached hereto as exhibit 3).

9.      On July 23, 2007, the Chief Legal Counsel Designee ordered that the IDHR's dismissal be vacated and that it be remanded for further investigation (a copy of the Order is attached hereto as exhibit 4).

10.     On October 3, 2007, the IDHR issued a Notice of Right to Sue (a copy of the notice is attached hereto as exhibit 5).

11.     The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to title 28, United States Code §1391.

**FACTS**

12.     The Plaintiff worked for the Defendant from approximately February 28, 1994 until August 27, 1999 and again when the Defendant acquired her former employer, Wolf Camera Inc., on or about October 1, 2001 until her termination on May 6, 2006.  She was

hired based on her experience and qualifications and most recently she worked as a store manager.

13.    At no time during the Plaintiff's employment was she in any way reprimanded or disciplined. She received excellent performance reviews from her superiors.

14.    Throughout her employment the Plaintiff was a salaried full time employee.

15,    The Defendant's only written policy concerning a full time employees' hourly requirement was that the employee work at least thirty six (36) hours a week. (Ritz Camera Center Procedure Manual, 6-17 is attached hereto as exhibit 6).

16.    Orally, the Plaintiff was told by her former supervisor and district manager, Mr. Peter DeSouza, that she should maintain a work week of forty (40) hours.

17.    As a store manager the Plaintiff typically worked forty (40) to forty two (42) hours a week to maintain her store and complete her managerial duties spending approximately forty (40) hours working in the store and at least two (2) extra hours a week working from home conducting the Defendant's business via email.

18.    One requirement of each store manager was that they maintain an email account which they were to check regularly and use to correspond with their supervisors. The Defendant did not provide internet access for its stores, necessitating that managers check their company email accounts at their homes.

19.    The Plaintiff included the hours conducting business correspondence via email on her time card after Mr. DeSouza insisted she install internet in her home so that she could be contacted via email. The Plaintiff recorded these hours to accurately document all the hours she was working, even if not physically present in the store.

20. It was common practice for store managers to report the hours that they spent at home conducting business correspondence via email on their time cards as well as reporting hours spent outside the store including attending manager's meetings and picking up products from other store locations.

21. The hours the Plaintiff spent at home working were in addition to the forty (40) hours she worked in the store. As a salaried employee, Plaintiff did not receive compensation for these over-time hours.

22. The Plaintiff's former supervisor, Mr. DeSouza, was aware of the practice amongst his store managers to report hours worked outside of the store and did not object.

23. The Plaintiff started to wear Hijab (head scarf) on March 15, 2005 in accordance with her Muslim faith.

24. On or about April of 2006, Mr. Bob Beallis was promoted to district manager and became the Plaintiff's direct supervisor.

25. On or about April 24, 2006, the Plaintiff and Mr. Beallis attended a managers meeting together. As the meeting concluded the Plaintiff attached her wireless cellular phone headset to her hijab. Seeing this, Mr. Beallis commented. "I guess being a Muslim does help."

26. On April 29, 2006, Mr. Steve Endres, a Technical Services Manager with the Defendant, who is not Muslim, came to the store the Plaintiff managed and developed his personal film. The Plaintiff was not present at the time.

27. Mr. Endres rang up his own sale, using Plaintiff's employee number, and included a company discount, a practice which was expressly prohibited in the employee

4

handbook. (Ritz Camera Center Procedure Manual, 7-7 is attached hereto as exhibit 7) Mr. Endres inadvertently gave himself a sixty percent discount as opposed to the allowed forty percent.

28. On or about April 30, 2006, the Plaintiff, via email, complained to Mr. Beallis about Mr. Endres' conduct however no disciplinary actions were taken against Mr. Endres despite his clear violation of a written company policy. The Plaintiff believed that her concerns were not being taken seriously by Mr. Beallis.

29. On or about May 6, 2006 the Plaintiff met with Mr. Beallis. Mr. Beallis questioned the Plaintiff about her time card. Mr. Beallis told the Plaintiff he believed she was falsifying her time cards because she was reporting working hours during which the store was closed for business as well as recording hours spent working in the store in which she did not ring up any sales, a practice he believed was suspect.

30. The Plaintiff freely admitted that she recorded both hours she worked in the store as well as hours she worked at home checking company email. She also relayed that she would not always ring up sales when she was working in the store due to the fact she was short staffed during this period and spent a lot of time in the processing laboratory developing film.

31. The Plaintiff tried to explain to Mr. Beallis that the time spent at home working was in addition to the forty hours plus a week she worked at the store and that she was not only working the required hours but exceeding them.

32. Despite the Plaintiff's explanation Mr. Beallis terminated the Plaintiff for time card fraud.

33. The Defendant's Policy and Procedure Manual states that "No associate…may ever falsify any…time sheet, time card, investigative questionnaires or any other document." (Ritz Camera Center Procedure Manual, 6-43 is attached hereto as exhibit 8).

34. The Plaintiff in no way "falsified", lied or misrepresented her work hours to her employer. On the contrary, the Plaintiff faithfully recorded every hour she worked for the Defendant. In effect, the Plaintiff was terminated for working more hours than she was required to and for accurately recording those hours.

35. The Plaintiff was never provided with any written or oral statement to the effect that working outside of the store violated company policy. On the contrary, the Defendant required the Plaintiff to work from home to check her email as well as attend managerial meetings and training sessions for which she was compensated. (Ritz Camera Center Procedure Manual, 6-7 is attached hereto as exhibit 9).

36. Other non-Muslim employees who reported time spent at home working were not subjected to the same standards and scrutiny as the Plaintiff.

37. On information and belief, other employees who were terminated for time card fraud by the defendant were recording hours on their time card sheets that they did not actually work whereas the Plaintiff was terminated for her long standing practice of recording hours she worked at home checking company email.

38. On information and belief, one week after the Plaintiff was terminated the Defendant held its yearly company wide contest that was open to store managers. For each "Membership to the Frequent Photo Club" a manager sold, they received compensation of $3.50.

6

39. On information and belief the new store manager, Ken Solan, a non-Muslim, told his employees to fraudulently ring up sales of passport photographs as "Membership to the Frequent Photo Club" to increase the number of memberships his store sold thus defrauding the company of $3.50 for each fraudulent sale.

40. On information and belief, when Mr. Beallis learned of this fraud the new store manager was written up but was not terminated.

41. A similarly situated non-Muslim employee defrauded the company of money using deceit and misconduct and was only reprimanded. The Plaintiff's conduct did not cost the company money because she reported working hours at home beyond the required forty (40) hours for which she was compensated. The Plaintiff was essentially working for free when she was checking company emails but nonetheless she was terminated.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42. The Plaintiff reasserts and realleges paragraphs 1-40 as is set fully herein.

43. The Defendant, through its employees, intentionally discriminated against the Plaintiff.

44. The Defendant's actions have caused the Plaintiff emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Amani Abbasi requests that this Honorable Court enter judgment in her favor and against Defendant, Ritz Camera Inc, and enter an Order awarding the following damages:

A. A written apology from the Defendant;

B. Removal of all disciplinary warnings and reprimands issued by the Defendant;

C. All wages and benefits she would have received but for the discrimination and retaliation;

D. Compensatory damages;

E. Punitive damages;

F. An award of costs, as provided by F.R.C.P. 54(d)(1);

G. An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

H. Such other relief as the Court deems equitable and just.

Respectfully Submitted,

___/s/ Amani Abbasi___
AMANI ABBASI


___/s/ Patricia Kemling___
Attorney for the Plaintiff

Patricia Kemling
Attorney number: 6294379
Council on American-Islamic Relations,
Chicago Chapter (CAIR-Chicago)
28 East Jackson Boulevard, Suite 1410
Chicago, Illinois 60604
Ph:   312.212.1520
Fax:  312.212.1530