**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMANI M. ABBASI, | |
| Plaintiff, | |
| | Case No.08 C 506 |
| v. | |
| | Hon. Judge Der-Yeghiayan |
| RITZ CAMERA CENTERS, INC., | Magistrate Judge Ashman |
| Defendant. | |

**ANSWER TO AMENDED COMPLAINT**

Defendant, Ritz Camera Centers, Inc. ("Ritz Camera"), by and through its attorneys, Jane M. McFetridge and Carmen B. Copher of Jackson Lewis LLP, hereby answers Plaintiff's Amended Complaint as follows:

**INTRODUCTION**

1.      Plaintiff seeks redress for religious discrimination.  This case is brought for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**ANSWER**: With respect to the allegations contained in paragraph 1 of Plaintiff's Amended Complaint, Ritz Camera admits that Plaintiff purports to seek redress for the claims identified in paragraph 1 of Plaintiff's Amended Complaint.  Ritz Camera denies that Plaintiff is entitled to the relief she seeks and further denies all liability.

**PARTIES**

2.      Plaintiff is a Muslim woman of Middle-Eastern origin.  She presently resides in the City of Chicago Ridge, County of Cook, State of Illinois.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

1

3.    Defendant is doing business in and maintains its principal office at 6711 Ritz Way, in the City of Beltsville, County of Prince George, State of Maryland.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4.    Defendant employed 15 or more employees for each working day for 20 or more calendar weeks in the current and preceding calendar years.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

5.    This complaint alleges violations of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964; therefore, jurisdiction of this court is invoked pursuant to title 28, United States Code §1331 and §1334.

**ANSWER**: With respect to the allegations contained in paragraph 5 of Plaintiff's Amended Complaint, Ritz Camera admits that this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and § 1334.  Ritz Camera denies that it has violated Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964 ("Title VII").

6.    On May 15, 2006, the Plaintiff timely filed a charge of religious discrimination with the State of Illinois Department of Human Rights (IDHR) (a copy of the charge is attached hereto as exhibit 1).

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7.    On February 7, 2007, the IDHR issued a Notice of Dismissal for Lack of Substantive Evidence (a copy of the charge is attached hereto as exhibit 2).

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

8.    On or about March 14, 2007, the Plaintiff timely filed her Request for Review of the IDHR's decision (a copy of the Request is attached hereto as exhibit 3).

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9.    On July 23, 2007, the Chief Legal Counsel Designee ordered that the IDHR's dismissal be vacated and that it be remanded for further investigation (a copy of the Order is attached hereto as exhibit 4).

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10.    On October 3, 2007, the IDHR issued a Notice of Right to Sue (a copy of the notice is attached hereto as exhibit 5).

**ANSWER**: With respect to the allegations contained in paragraph 10 of Plaintiff's Amended Complaint, Ritz Camera admits that the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue on October 25, 2007.  Ritz Camera denies the remaining allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11.    The violations alleged herein occurred in the Northern District of Illinois: therefore, venue is proper in this district pursuant to title 28, United States Code § 1391.

**ANSWER**: With respect to the allegations contained in paragraph 11 of Plaintiff's Amended Complaint, Ritz Camera admits that venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.  Ritz Camera denies that it has violated Plaintiff's civil rights under Title VII.

## FACTS

12.    The Plaintiff worked for the Defendant from approximately February 28, 1994 until August 27, 1999 and again when the Defendant acquired her former employer, Wolf Camera, Inc., on or about October 1, 2001 until her termination on May 6, 2006. She was hired based on her experience and qualifications and most recently she worked as a store manager.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 12 of Plaintiff's

Amended Complaint.

13.    At no time during the Plaintiff's employment was she in any way reprimanded or disciplined.  She received excellent performance reviews from her superiors.

**ANSWER**: Ritz Camera denies the allegations contained in paragraph 13 of Plaintiff's

Amended Complaint.

14.    Throughout her employment the Plaintiff was a salaried full time employee.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 14 of Plaintiff's

Amended Complaint.

15.    The Defendant's only written policy concerning a full time employees' hourly requirement was that the employee work at least thirty six (36) hours a week.  (Ritz Camera Center Procedure Manual, 6-17 is attached hereto as exhibit 6).

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 15 of Plaintiff's

Amended Complaint.

16.    Orally, the Plaintiff was told by her former supervisor and district manager, Mr. Peter DeSouza, that she should maintain a work week of forty (40) hours.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 16 of Plaintiff's

Amended Complaint.

17.    As a store manager the Plaintiff typically worked forty (40) to forty two (42) hours a week to maintain her store and complete her managerial duties spending approximately forty (40) hours working in the store and at least two (2) extra hours a week working from home conducting the Defendant's business via email.

**ANSWER**: With respect to the allegations contained in paragraph 17 of Plaintiff's

Amended Complaint, Ritz Camera admits that Plaintiff reported time spent at home on her

timecard.  Ritz Camera denies that Plaintiff maintained the required number of working hours in her store.

18.    One requirement of each store manager was that they maintain an email account which they were to check regularly and use to correspond with their supervisors.  The Defendant did not provide internet access for its stores, necessitating that managers check their company email accounts at their homes.

**ANSWER**: With respect to the allegations contained in paragraph 18 of Plaintiff's Amended Complaint, Ritz Camera admits that store managers are advised to maintain an email account that can be used for business communications.  Ritz Camera further admits that it does not provide internet access at its stores.  Ritz Camera states that store managers are free to check their email accounts by any alternative means, including checking from home.

19.    The Plaintiff included the hours conducting business correspondence via email on her time card after Mr. DeSouza insisted she install internet in her home so that she could be contacted via email.  The Plaintiff recorded these hours to accurately document all the hours she was working, even if not physically present in the store.

**ANSWER**: With respect to the allegations contained in paragraph 19 of Plaintiff's Amended Complaint, Ritz Camera states that store managers are expected to maintain an email account that can be used for business communications.  Upon information and belief, Ritz Camera states that Peter DeSouza may have suggested that Plaintiff install internet in her home, so that she could maintain an email account.  Ritz Camera denies the allegation that Plaintiff accurately documented all of the hours she worked.

20.    It was common practice for store managers to report the hours that they spent at home conducting business correspondence via email on their time cards as well as reporting hours spent outside the store including attending manager's meetings and picking up products from other store locations.

**ANSWER**: With respect to the allegations contained in paragraph 20 of Plaintiff's Amended Complaint, Ritz Camera admits that it was permissible for store managers to report

time spent outside of the store attending manager's meetings and picking up products from other stores, as necessary. Ritz Camera denies the allegation that it was permissible or common practice for store managers to work from home and report such hours on their timecards.

21.    The hours the Plaintiff spent at home working were in addition to the forty (40) hours she worked in the store. As a salaried employee, Plaintiff did not receive compensation for these over-time hours.

**ANSWER**: With respect to the allegations contained in paragraph 21 of Plaintiff's Amended Complaint, Ritz Camera admits that as a full-time, salaried employee Plaintiff was not entitled to receive additional compensation for hours worked over 40 hours per week. Ritz Camera denies the allegation that Plaintiff worked 40 hours per week in the store.

22.    The Plaintiff's former supervisor, Mr. DeSouza, was aware of the practice amongst his store managers to report hours worked outside of the store and did not object.

**ANSWER**: Ritz Camera denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23.    The Plaintiff started to wear Hijab (head scarf) on March 15, 2005 in accordance with her Muslim faith.

**ANSWER**: With respect to the allegations contained in paragraph 23 of Plaintiff's Amended Complaint, Ritz Camera is without knowledge or information sufficient to identify the precise date Plaintiff began to wear a "Hijab" to work. Upon information and belief, Ritz Camera states that Plaintiff at times wore a "Hijab" to work.

24.    On or about April of 2006, Mr. Bob Beallis was promoted to district manager and became the Plaintiff's direct supervisor.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25.    On or about April 24, 2006, the Plaintiff and Mr. Beallis attended a managers meeting together.  As the meeting concluded the Plaintiff attached her wireless cellular phone headset to her hijab.  Seeing this, Mr. Beallis commented.  "I guess being a Muslim does help."

**ANSWER**: With respect to the allegations contained in paragraph 25 of Plaintiff's Amended Complaint, Ritz Camera admits that Plaintiff and Mr. Beallis attended a managers meeting together on or about April 24, 2006.  Ritz Camera denies the remaining allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26.    On April 29, 2006, Mr. Steve Endres, a Technical Services Manager with the Defendant, who is not Muslim, came to the store the Plaintiff managed and developed his personal film. The Plaintiff was not present at the time.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27.    Mr. Endres rang up his own sale, using Plaintiff's employee number, and included a company discount, a practice which was expressly prohibited in the employee handbook.  (Ritz Camera Center Procedure Manual, 7-7 is attached hereto as exhibit 7) Mr. Endres inadvertently gave himself a sixty percent discount as opposed to the allowed forty percent.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28.    On or about April 30, 2006, the Plaintiff, via email, complained to Mr. Beallis about Mr. Endres' conduct however [sic] no disciplinary actions were taken against Mr. Endres despite his clear violation of a written company policy.  The Plaintiff believed that her concerns were not being taken seriously by Mr. Beallis.

**ANSWER**: With respect to the allegations contained in paragraph 28 of Plaintiff's Amended Complaint, Ritz Camera admits that Steven Endres was not formally disciplined for ringing up his own sale because his actions were found to be inadvertent and any resulting mistake was immediately remedied.  Ritz Camera denies the remaining allegations contained in paragraph 28 of Plaintiff's Amended Complaint.

29.    On or about May 6, 2006, the Plaintiff met with Mr. Beallis.  Mr. Beallis questioned the Plaintiff about her time card.  Mr. Beallis told the Plaintiff he believed she was falsifying her time cards because she was reporting working hours during which the store was closed for business as well as recording hours spent working in the store in which she did not ring up any sales, a practice he believed was suspect.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 29 of Plaintiff's

Amended Complaint.

30.    The Plaintiff freely admitted that she recorded both hours she worked in the store as well as hours she worked at home checking company email. She also relayed that she would not always ring up sales when she was working in the store due to the fact she was short staffed during this period and spent a lot of time in the processing laboratory developing film.

**ANSWER**: With respect to the allegations contained in paragraph 30 of Plaintiff's

Amended Complaint, Ritz Camera admits that when confronted by management at Ritz Camera,

Plaintiff acknowledged that she had reported working hours at times during which she was not

working in the store and that she had been doing so on a weekly basis for months.  Plaintiff

further acknowledged that she ultimately knew that she was committing timecard fraud by

reporting her hours in this manner.  Ritz Camera denies the allegation that Plaintiff was working

in the store the required number of hours per week, as she reported on her timecards.  Ritz

Camera denies the remaining allegations in paragraph 30 of Plaintiff's Amended Complaint.

31.    The Plaintiff tried to explain to Mr. Beallis that the time spent at home working was in addition to the forty hours plus a week she worked at the store and that she was not only working the required hours but exceeding them.

**ANSWER**: With respect to the allegations contained in paragraph 31 of Plaintiff's

Amended Complaint, Ritz Camera admits that Plaintiff claimed that the hours she purportedly

worked at home and reported on her timecard were in excess of the 40 hours per week that she

worked in the store.  Ritz Camera denies that Plaintiff worked 40 hours per week in the store, as

she reported on her timecards.

32.    Despite the Plaintiff's explanation Mr. Beallis terminated the Plaintiff for time card fraud.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 32 of Plaintiff's

Amended Complaint.

33.    The Defendant's Policy and Procedure Manual states that "No associate may ever falsify any…time sheet, time card, investigative questionnaires or any other document." (Ritz Camera Center Procedure Manual, 6-43 is attached hereto as exhibit 8).

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 33 of Plaintiff's

Amended Complaint.

34.    The Plaintiff in no way "falsified", lied or misrepresented her work hours to her employer.  On the contrary, the Plaintiff faithfully recorded every hour she worked for the Defendant. In effect, the Plaintiff was terminated for working more hours than she was required to and for accurately recording those hours.

**ANSWER**: Ritz Camera denies the allegations contained in paragraph 34 of Plaintiff's

Amended Complaint.

35.    The Plaintiff was never provided with any written or oral statement to the effect that working outside of the store violated company policy. On the contrary, the Defendant required the Plaintiff to work from home to check her email as well as attend managerial meetings and training sessions for which she was compensated. (Ritz Camera Center Procedure Manual, 6-7 is attached hereto as exhibit 9).

**ANSWER**: With respect to the allegations contained in paragraph 35 of Plaintiff's

Amended Complaint, Ritz Camera admits that, as a store manager, Plaintiff was required to

maintain an email account for business communications.  Ritz Camera admits that Plaintiff was

required to attend managerial meetings and training sessions for which she was compensated.

Ritz Camera further admits the allegation that Plaintiff was never provided with a written

statement informing her "that working outside of the store violated company policy," but denies

the allegation that Plaintiff was never orally informed that store managers were prohibited from working at home.

36.     Other non-Muslim employees who reported time spent at home working were not subjected to the same standards and scrutiny as the Plaintiff.

**ANSWER**: Ritz Camera denies the allegations contained in paragraph 36 of Plaintiff's Amended Complaint.

37.     On information and belief, other employees who were terminated for time card fraud by the defendant were recording hours on their time card sheets that they did not actually work whereas the Plaintiff was terminated for her long standing practice of recording hours she worked at home checking company email.

**ANSWER**: Ritz Camera denies the allegations contained in paragraph 37 of Plaintiff's Amended Complaint.

38.     On information and belief, one week after the Plaintiff was terminated the Defendant held its yearly company wide contest that was open to store managers.  For each "Membership to the Frequent Photo Club" a manager sold, they received compensation of $3.50.

**ANSWER**: Ritz Camera admits the allegations contained in paragraph 38 of Plaintiff's Amended Complaint.

39.      On information and belief the new store manager, Ken Solan, a non—Muslim, told his employees to fraudulently ring up sales of passport photographs as "Membership to the Frequent Photo Club" to increase the number of memberships his store sold thus defrauding the company of $3.50 for each fraudulent sale.

**ANSWER**: With respect to the allegations contained in paragraph 39 of Plaintiff's Amended Complaint, Ritz Camera states that due to a misunderstanding as to the proper method for ringing up sales of passport photos, several store managers and employees incorrectly rang such sales as if they qualified for the "Membership to the Frequent Photo Club" promotion, when in fact they did not.  Ritz Camera further states that it issued a company-wide notice correcting this misconception and informing its store managers and employees of the proper ringing method

for passport photos.  Ritz Camera denies the allegation that Ken Solan or his store employees intentionally engaged in fraudulent activity.

40.    On information and belief, when Mr. Beallis learned of this fraud the new store manager was written up but was not terminated.

**ANSWER**: Ritz Camera denies the allegations contained in paragraph 40 of Plaintiff's Amended Complaint.

41.    A similarly situated non-Muslim employee defrauded the company of money using deceit and misconduct and was only reprimanded. The Plaintiff's conduct did not cost the company money because she reported working hours at home beyond the required forty (40) hours for which she was compensated. The Plaintiff was essentially working for free when she was checking company emails but nonetheless she was terminated.

**ANSWER**: Ritz Camera denies the allegations contained in paragraph 41 of Plaintiff's Amended Complaint.

## **COUNT I – VIOLATION OF TITLE VII OF THJE CIVIL RIGHTS ACT OF 1964**

42.    The Plaintiff reasserts and realleges paragraphs 1-40 as is set fully herein.

**ANSWER**: Ritz Camera reasserts its responses to Paragraphs 1 through 41 of Plaintiff's Amended Complaint and incorporates them as if fully contained herein.

43.    The Defendant, through its employees, intentionally discriminated against the Plaintiff.

**ANSWER**: Ritz Camera denies the allegations contained in paragraph 43 of Plaintiff's Amended Complaint.

44.    The Defendant's actions have caused the Plaintiff emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER**: Ritz Camera denies the allegations contained in paragraph 44 of Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF

45.     WHEREFORE, Plaintiff Amani Abbasi requests that this Honorable Court enter judgment in her favor and against Defendant, Ritz Camera Inc., and enter an Order awarding the following damages:

A.     A written apology from the Defendant;
B.     Removal of all disciplinary warnings and reprimands issued by the Defendant;
C.     All wages and benefits she would have received but for the discrimination and retaliation;
D.      Compensatory damages;
E.      Punitive damages;
F.     An award of costs, as provided by F.R.C.P. 54(d)(l);
G.     An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b): and
H.     Such other relief as the Court deems equitable and just.

**ANSWER**: Ritz Camera denies that Plaintiff is entitled to the relief she requests in paragraphs A-H following the "WHEREFORE" clause of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims for damages in the form of back pay and benefits are barred to the extent Plaintiff has failed to diligently seek employment or to otherwise mitigate her damages.

2.     Ritz Camera engaged in good-faith efforts to comply with Title VII of the Civil Rights Act of 1964, and therefore cannot be held liable for punitive damages.

3.     Assuming, *arguendo*, that Plaintiff could establish that her religion or any complaint of discrimination played any part in the decision to terminate her employment, Ritz Camera would have made the same decision even in the absence of any unlawful consideration.

4.     To the extent Plaintiff recovers any monies from collateral sources, Ritz Camera is entitled to a set-off.

Dated: April 7, 2008                          Respectfully submitted,

                                              /s/ Jane M. McFetridge
                                              One of the Attorneys for Defendants

Jane M. McFetridge
Attorney No. 6201580
Carmen B. Copher
Attorney No. 350370
JACKSON LEWIS LLP
320 West Ohio Street
Suite 500
Chicago, IL 60610
(312) 346-8061

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney of Jackson Lewis LLP certifies that on April 7, 2008, she electronically filed the foregoing **ANSWER TO AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Patricia Kemling
Council on American – Islamic Relations
28 E. Jackson Blvd, Suite 1410
Chicago, IL 60604
312.212.1520

thereby serving the same upon her.

/s/  Jane M. McFetridge     