IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANI M. ABBASI,<br><br>Plaintiff,<br><br>v.<br><br>RITZ CAMERA CENTERS, INC.,<br><br>Defendant. | Case No. 08 C 506<br><br>Hon. Judge Der-Yeghiayan<br>Magistrate Judge Ashman |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S
MOTION FOR EXTENSION OF TIME FOR DISCOVERY**

Defendant Ritz Camera Centers, Inc., by and through its counsel, Jane M. McFetridge and Carmen B. Copher of Jackson Lewis LLP, objects to Plaintiff Amani Abbasi's Motion for Extension of Time for Discovery. After squandering three months that she could have spent diligently conducting discovery, Plaintiff now requests an extension of the time for discovery by nearly six weeks.[1] This Court should deny Plaintiff's request because she cannot establish good cause to extend the time for discovery.

Far from meeting her burden of establishing good cause to extend this Court's scheduling deadlines, Plaintiff states only that Patricia Kemling ("Kemling") has withdrawn as Plaintiff's counsel in this action. Kemling is not Plaintiff's only attorney. Rima Kapitan ("Kapitan") was the first attorney to file an appearance in this matter [on February 5, 2008 – Docket No. 8] and Kapitan remains counsel of record in this action. Kapitan not only filed the

---

[1] As a preliminary matter, although Plaintiff seeks only to extend the time for discovery from July 18, 2008 to August 28, 2008, this extension impacts the remaining deadlines set forth in the Court's Minute Entry [Docket No. 17] pertaining to dispositive motions: (1) all discovery shall be noticed in time to be completed by 07/18/08; (2) dispositive motions are to be filed by 8/18/08; (3) responses to the dispositive motions, if any, are to be filed by 09/02/08; and (4) replies, if any, are to be filed by 09/09/08. Thus, if Plaintiff's motion is granted, all of the deadlines set in this matter would require an extension.

motion currently at issue, she also has a long history with this case and Plaintiff – she represented Plaintiff at the fact-finding conference in the underlying administrative action. Thus, Kemling's departure, after a brief tenure, should hardly be a detriment to the timely prosecution of this matter, since Kemling has been and remains counsel of record.

Even before Kemling's withdrawal as counsel, Plaintiff had over two months to engage in discovery. Yet, during that more than adequate timeframe, Plaintiff only managed to serve her initial disclosures and waited until two weeks before the close of discovery – four days before the filing of this motion – to finally serve Defendant with discovery requests, which are untimely under this Court's scheduling order. Plaintiff has noticed no depositions. By contrast, Defendant began conducting discovery just three weeks after this Court issued its scheduling deadlines and has since served its initial disclosures, request for production of documents, and interrogatories. Defendant has also taken Plaintiff's deposition. Defendant is now prepared to proceed with the dispositive motions under the schedule set forth by this Court over three months ago.

The only proactive steps that Plaintiff has taken since filing her complaint, is service of Rule 26(a)(1) initial disclosures, the untimely service of discovery requests (a mere 15 days before the close of discovery), and the filing of the instant motion. Plaintiff has done nothing more than sit on her hands for the last six months, since the filing of her complaint, and is now asking for additional time to make-up for her unexplained neglect of this case to date. This is not adequate justification to extend the discovery deadline.

Although Plaintiff may not be personally to blame for the shortcomings of her counsel, her proper recourse is against counsel and should not unjustly prejudice Defendant's right to move forward in this action without unnecessary delay. Plaintiff's counsel has

consistently chosen not to actively pursue this litigation, and the sole fact that Plaintiff is now waiting for a third attorney to be assigned to this case should not serve as good cause to extend the time for discovery, particularly when her original counsel is still of record in this action.[2]

**WHEREFORE,** Defendant respectfully requests this Honorable Court deny Plaintiff's Motion for Extension of Time for Discovery.

Dated: July 18, 2008

**RITZ CAMERA CENTERS, INC.**

By:  /s/Jane M. McFetridge
 One of Defendant's Attorneys

Jane M. McFetridge
mcfetrij@jacksonlewis.com
Carmen B. Copher
copherc@jacksonlewis.com
Jackson Lewis LLP - Chicago
320 W. Ohio Street, Suite 500
Chicago, Illinois 60610
Phone: (312) 787-4949
Fax: (312) 787-4995

---

[2] Aside from counsel for Plaintiff's failure to conduct any discovery, counsel also failed to adequately inform Plaintiff about the documents and information she was obligated to produce in discovery.  For example, Plaintiff's discovery requests were drastically deficient and required supplementation just days before her deposition date.  Plaintiff later provided supplemental interrogatory responses on July 13, 2008 and over 1000 pages of additional documents on July 16, 2008, the day before her deposition took place.  During her deposition, Plaintiff testified that she possessed additional documents responsive to Defendant's discovery requests that she had failed to produce and eventually produced an estimated 1600 pages of additional documents to Defendant, three weeks before the close of discovery.

3

## CERTIFICATE OF SERVICE

I, Carmen B. Copher, an attorney, certify that on the 18th day of July 2008, I caused true and correct copies of the foregoing **Defendant's Objection to Plaintiff's Motion for Extension of Time for Discovery** to be electronically filed pursuant to the Court's ECF/CM protocols. Notice of this filing will be sent to all parties registered to receive electronic notification, including counsel for Plaintiff:

Rima Kapitan
Council on American – Islamic Relations
28 E. Jackson Blvd, Suite 1410
Chicago, IL 60604
312.212.1520

                                             /s/ Carmen B. Copher
                                             One of Defendant's Attorneys